UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

Andrea Augustyniak

              **Plaintiff**

-against-

Portfolio Recovery Associates,
L.L.C.

             **Defendant**
_____ X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 13 2015 ★
LONG ISLAND OFFICE

Docket No.

CV-15 1314

COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

WEXLER, J
TOMLINSON, M

       Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

       1. The Defendant debt collector violated the Plaintiff's right to privacy in an attempt to collect an alleged consumer debt of <u>some other person</u>. The Defendant persistently telephoned the Plaintiff's phone despite the Plaintiff's written and oral demands to stop calling. The Defendant has been sued hundreds of times for this conduct, but continues to do engage in the illegal practice.

       2. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

       3.     According to 15 U.S.C. 1692:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.** (emphasis added)

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d); 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337. Venue in this District is proper in that the Defendant transacts business here, and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, Portfolio Recovery Associates, L.L.C. is a foreign corporation authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. Within the one year immediately preceding this complaint, the Defendant began calling the Plaintiff's telephone number 631-574-8676 and requesting to speak with a person who is not known by the Plaintiff.

10. The Defendant is a debt collector whose primary business is the collection of consumer debt.

11. The Plaintiff informed the Defendant that the debtor that Defendant was seeking could not be reached at the Plaintiff's telephone number, and Plaintiff demanded that the calls stop.

12. Despite Plaintiff informing the Defendant that the alleged debtor could not be reached at Plaintiff's number, the Defendant continued to call the Plaintiff.

13. The Plaintiff continued to tell the Defendant that the debtor could not be reached at her number, and the Plaintiff continued to demand that the calls stop.

14. The Defendant refused to stop calling the Plaintiff.

15. The Plaintiff then wrote a letter to the Defendant demanding that the calls stop.

16. Despite Plaintiff's first letter, the Defendant continued to call the Plaintiff.

17. The Plaintiff wrote a second letter to the Defendant demanding that the calls stop.

18. Despite the Plaintiff's second letter, the Defendant continued to call the Plaintiff.

19. The Plaintiff consistently informed the Defendant that the alleged debtor could not be reached at her number, and the Plaintiff consistently demanded that the calls stop.

20. Despite the Plaintiff's demands to stop calling, the Defendant called the Plaintiff over 50 times.

21. The Defendant has been sued hundreds of times for this type of debt collection harassment, but the Defendant continues to engage in the conduct.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

23. Defendant's actions as described herein violated the following provisions of the FDCPA:

    a. 15 USC 1692e

    b. 15 USC 1692e(2)

    c. 15 USC 1692e(10)

    d. 15 USC 1692d

    e. 15 USC 1692d(5)

    f. 15 USC 1692 b(1)

    g. 15 USC 1692b(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages under the FDCPA;

2. Statutory damages pursuant to the FDCPA;

3. Costs and reasonable attorney's fees

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

/s/ Joseph M. Mauro
Attorney for Plaintiff